IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID A. POTTER,**

    Petitioner,

v.                                                    Civil Action No. 3:18CV661

**BERNARD W. BOOKER,**

    Respondent.

## MEMORANDUM OPINION

David A. Potter, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Potter challenges his 1976 conviction for armed robbery in the Circuit Court for the City of Hopewell ("Circuit Court"). (*Id.* at 1.) Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Potter has responded with a Motion to Add Case Record. (ECF No. 17.) For the reasons set forth below, the Motion to Dismiss (ECF No. 13) will be GRANTED.

### I. PERTINENT PROCEDURAL HISTORY

On July 11, 1974, Potter committed three robberies in Florida. (ECF 1–2, at 1.) On January 31, 1975, the Florida trial court sentenced Potter to prison "for the remainder of [his] natural life." (*Id.* (alteration in original).)

On May 3, 1976, Potter was convicted in the Circuit Court of armed robbery and sentenced to 35 years of imprisonment. (ECF No. 15–1, at 1.) Potter appealed. On April 27, 1977, the Supreme Court of Virginia refused to entertain Potter's appeal. (§ 2254 Pet. 2.)

The Virginia Department of Corrections ("VDOC") sent the Florida authorities a detainer with respect to the above Virginia conviction. (ECF No. 15–1, at 1.) On April 9, 2018, the Florida

authorities informed the VDOC Detainer Unit that the Florida life sentence "had been overturned and modified and that Potter was in its custody on the Virginia sentence. The ["VDOC"] was given 10 days to assume custody of Potter." (*Id.*) On April 19, 2018, Potter began to serve his Virginia sentence. (*Id.* at 2.) Potter is eligible for parole on the Virginia sentence as of January 16, 2026. (*Id.*)

On September 19, 2018, Potter filed his § 2254 Petition with this Court.[1] In his § 2254 Petition, Potter contends that he is entitled to relief upon the following grounds:[2]

Claim One    "Imposition of my 35-year sentence at 61 years old is a 5th Amendment 'continuing injury' due process violation." (§ 2254 Pet. 5.)

Claim Two    "Imposition of my 35-year sentence at 61 years old is a violation of the 8th Amendment ban on cruel and unusual punishment." (*Id.* at 7.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Potter's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

    1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
         (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] This is the date that Potter states that his § 2254 Petition was deposited in the prison mailing system (*see* § 2254 Pet. 12 (as paginated by CM/ECF)), and the Court deems this as the date the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court employs the pagination assigned by CM/ECF for all citations to Potter's filings. The Court corrects the capitalization and punctuation from Potter's submissions.

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Potter's conviction became final in 1977, when the time for Potter to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1). Because Potter's conviction became final prior to the passage of the AEDPA, Potter had until April 24, 1997, to file his § 2254 Petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). Because Potter failed to file his § 2254 Petition by that date, it is barred by the statute of limitations unless Potter demonstrates that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or some equitable exception renders the § 2254 Petition timely.

### C. Belated Commencement

Potter contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D). In support of that contention, Potter states:

3

> The legal basis for this claim was not reasonably available to me until my Florida sentences were deemed illegal and I was given a new "legal" sentence of "50 years. Time served." I could have anticipated a positive result in the Florida court but could not know the structure of the sentence that would be imposed to correct the "illegal" sentence that it would include gain time from the void ab initio sentence. Also, there was an impediment created by the development of the state's process to satisfy Miller claims in Florida in accordance with its retroactive holding. I had to wait until they developed the process before I could raise and resolve the issue there. Until then, I couldn't raise this claim in this manner here. B, C + D below. The Florida court order correcting the "illegal" sentence is a matter of fact supporting this claim for collateral review.

(§ 2254 Pet. 10–11 (citation omitted).) As explained below, Potter fails to demonstrate that he is entitled to a belated commencement of the limitation period.

### 1. Potter Is Not Entitled to a Belated Commencement under § 2244(d)(1)(B)

In addition to the date on which a judgment becomes final, federal law provides that the statute of limitations may commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (quoting *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002)). Courts should grant relief only where a petitioner is "altogether prevented . . . from presenting his claims in any form, to any court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009). Prisoners must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations. *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010) (citations omitted).

Potter suggests that he was prevented from filing the § 2254 Petition challenging his Virginia conviction until he resolved his challenge to his Florida sentence. Potter, however, fails

4

to explain why this is so. Potter always remained free to file the § 2254 Petition. Potter fails to demonstrate entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B). *Cf. Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000) (rejecting petitioner's contention that unfavorable state law prevented him from filing a federal habeas petition).

### 2. Potter Is Not Entitled to a Belated Commencement under 28 U.S.C. § 2244(d)(1)(C)

In order to obtain a belated commencement of the limitation period under § 2244(d)(1)(C), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting 28 U.S.C. § 2255(f)(3) which contains nearly identical language to § 2244(d)(1)(C)). If the Supreme Court decides a case recognizing a new right, a prisoner seeking to assert that right will have one year from the Court's decision within which to file his § 2254 Petition. *Dodd v. United States*, 545 U.S. 353, 358–59 (2005). Under that provision, the meaning of right asserted in 28 U.S.C. § 2254(d)(1)(C) is the substantive right that forms the basis for the habeas petition. *See Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007).

Although not clearly stated, Potter suggests that his petition is timely under 28 U.S.C. § 2244(d)(1)(C) based upon the newly recognized right announced by the Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id.* at 479 (citation omitted). Potter suggests that the rule in *Miller* applies in his circumstance because he was a juvenile at the time he committed the Virginia armed robbery. The decision in *Miller*, however, does not apply to Potter's Virginia sentence as that sentence was not

5

for life (or a term of years that is a de facto life sentence) and he is eligible for parole. *See Bowling v. Dir., Va. Dep't of Corr.*, 920 F.3d 192, 198 (4th Cir. 2019) (concluding that "the protections announced in *Miller* and its lineage to sentences that are practically equivalent to life without parole, . . . have not yet reached a juvenile offender who has and will continue to receive parole consideration"); *Contreras v. Davis*, 716 F. App'x 160, 163 (4th Cir. 2017) (concluding petitioner's "claims are not cognizable under *Miller* because he is not subject to a mandatory life sentence without parole"), *cert. denied*, 138 S. Ct. 2012 (2018). Because there is no newly recognized constitutional right that applies to Potter, Potter cannot establish timeliness pursuant to 28 U.S.C. § 2244(d)(1)(C).

### 3. Potter Is Not Entitled to Belated Commencement under 28 U.S.C. § 2244(d)(1)(D)

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Potter suggests that "Florida correcting the 'illegal' sentence is a matter of fact supporting this claim for collateral review." (ECF No. 1, at 11.) Potter, however, fails to explain why he could not have brought his present claims for relief until he succeeded in correcting his Florida sentence. Accordingly, the Court rejects Potter's suggestion that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2254(d)(1)(D).

### B. Potter's Motion to Add to the Case Record

On March 6, 2019, Potter filed a Motion to Add to the Case Record. In that Motion, Potter notes the VDOC recently awarded him additional jail credit against his Virginia sentence. Potter's Motion (ECF No. 17) will be GRANTED to the extent that the Court acknowledges this fact.

6

Nevertheless, the Motion has no impact on the conclusion that the § 2254 Petition is barred by the relevant statute of limitations.

### III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Potter's § 2254 Petition (ECF No. 1) is barred by the relevant statute of limitations and will be DENIED. The Motion to Add to the Case Record (ECF No. 17) will be GRANTED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Date: August 29, 2019
Richmond, Virginia